Good morning, Your Honors. Welcome to San Jose. May it please the Court, Varel Fuller for the appellant, Mr. Trung Nguyen, I would like to reserve three minutes for my rebuttal. Your Honors, the District Court here, the decision by the District Court must be vacated and the judgment remanded for resentencing. The District Court committed procedural error in calculating the base offense level. The exemption clause found at 921-820 is clear. Any felony conviction for which a person has had their civil rights restored shall not be considered a conviction for purposes of this chapter. Counsel, your client, it seems to me, did not have civil rights restored. Rather, the level of criminality was reduced. But that is different, is it not, than having civil rights restored? Your Honor, it is our position that Mr. Nguyen's rights were restored by operation of the reduction to a misdemeanor. That is noted in the record. We know that's what happened, but why is that the restoration of civil rights as opposed to simply a decision by the state that the crime, albeit a crime, is a little bit less serious than we used to think it was? Because it removed the felony, the felonious nature of that prior conviction, and therefore his rights were restored under California law. In other words, under Proposition 64, any individual who previously was convicted of a felony and that crime was now reduced to a misdemeanor, they do enjoy the full rights of citizenship. You mean he's able to vote? He's able to vote. He's able to possess a firearm. That prohibition is removed under Proposition 64. So that hadn't happened by the time of the events that he was convicted for under federal law, the possession of ammunition. So I'm having trouble figuring out how Padilla doesn't tell us that this doesn't matter because it hadn't happened yet. Your Honor, I think the government's argument is conflating two distinct events. The statute in question applies to two distinct events. One is whether or not that offense can serve as a predicate, which is whether or not it can serve as an actual element of the offense and be alleged in the indictment as the prior felony that prohibited that individual from possessing a firearm. The second is whether or not it can be used for a sentencing enhancement. We are not contesting whether or not that prior could be used as a predicate. That is not the issue that we believe is before us. Let me ask you about that, if I may, with regard to the sentencing enhancement. The guidelines were amended in 2001 to deal specifically with the question of timing. And it used to be that there was a text that said something like, if you had a felony conviction, and that was changed to the current wording that talks about committing any part of the instant offense after sustaining a felony conviction. So, what effect does that have in our analysis of whether they intended this, a very specific timing with regard to this enhancement? Your Honor, we do not believe that resolved the conflict that was addressed in Palmer. Mr. Palmer, like Mr. Nguyen, they both suffered from a similar incident. That similar incident being, regardless of whether that restoration of civil rights occurred prior to their commission of the offense, the guidelines would have still compelled that they count. Well, but in Palmer, the timing was different because the court was relying on a conviction that happened after, not before, the change in the defendant's status. So, why doesn't that matter? Your Honor, the timing here is similar to Mr. Palmer's. Well, but it isn't because the felony was still a felony at the time this crime was committed. It was at the time it was committed. That's not true in Palmer. At the time of Mr. Palmer's, his restoration of civil rights had occurred two years prior to his commission of the offense. Right, and it's the opposite here. It is the opposite here, but we do not believe that that is a salient point for whether or not this statutory prohibition on the use of that felony conviction for purposes of increasing his sentence under the guidelines applies in this instance. There is no statutory limitation on, found in, the statute as to whether or not the court could use it at sentencing at that point. So, I'm confused, though, because I think your argument depends on Palmer's notion that there is a conflict between the statute and the sentencing guideline, and here I don't know that there is a conflict because of Padilla, what Padilla says about this category of timing in defendants. So, I'm having trouble, like you said earlier, that you think in Padilla, you're not contesting that he can have the conviction because of Padilla, but doesn't that at that point mean there's no conflict between the statute and the sentencing guideline? There is still a conflict, Your Honor, because the statute is clear. It says that this prior conviction shall not be considered, and it's exempt. It shall not be considered, and here... But you're saying it can be considered here because it hadn't been reduced yet. But Padilla stands for also the proposition that whatever state action is taken, it acts prospectively. Here, we are submitting that prior to his conviction, in Mr. Nguyen's case, it was the timing was 17 months before his conviction, and over two years before the district court sentenced him, that conviction was modified by the state of California, and his civil rights were restored with respect to that conviction. Padilla stands for the proposition that that prohibition for, in other words, for an individual to be charged in the first instance must be removed before they are charged. These are two separate, distinct events, whether or not a person can be charged and whether or not they still have the limitation on their possession of firearms versus whether or not it can also separately be used for a sentencing enhancement. That's why under the statute, it applies to both subsections 922, which is the charging in the first instance, as well as 924, which is the sentencing provisions, and we know that it applies to 924E and whether or not it can be used to enhance a person's sentence under the ACCA. Separately and apart from that, it operates to determine whether or not a sentence can be enhanced based on that conviction. What Congress has made clear is that these types of convictions are not an exception. They are exempt under this statute for both purposes of charging as well as for considerations of sentencing. The Padilla case is a predicate case. It deals with whether or not an individual can be charged in the first instance, and it does not undermine Mr. Nguyen's position. It actually, in many ways, to the extent that it is applicable, it supports it because it stands for the proposition that it should be that that state action operates prospectively. So in this instance, because the state of California independently removed the restored Mr. Nguyen's civil rights with respect to that conviction before he was sentenced, it is our reading of the statute that Congress has made clear that that prior conviction, because it triggered the exemption clause of 921-820, it could not be used to enhance his sentence. And that is the conflict that the Palmer case had to deal with. The timing of whether that restoration happened prior to the offense or after the offense, there's no such limitation found in the plain reading of the statute. In this instance, Mr. Nguyen did comply with the timing limitations that are found in the plain text of the statute. His civil rights had been restored with respect to that conviction before he was sentenced. Accordingly, that was error for the court to rely on that conviction consistent with Palmer to increase his offense level. There are two different considerations here. The offense level as well as the, you have the interplay of the offense level and the criminal history. The offense level is a sanction for the defendant's conduct in relation to that offense versus the criminal history. The interplay of those two sections, and particularly, it's the commentary. It's not the statute. It's not the actual guideline provision itself, which raises great concerns given Kaiser and Levant. And that's what the court recognized in the Palmer decision that Congress has told the courts do not, these convictions are not convictions for purposes of this section. This is post-Dickerson decision, after they had decided in Dickerson that they are going to exempt these types of convictions. We believe that we are on all fours with the Palmer decision. The only distinction is a distinction that is not material because that was not a fact that the court relied on. The government relies heavily on the fact that they sought to supplement the record to add additional documents that were not relied upon in Palmer, particularly given the timing of his restoration. But Palmer does rely on there being a conflict between the statute and the interpretation of the sentencing guideline. And I guess I'm just having trouble figuring out, in light of Padilla, where that conflict is for your client. Your Honor, we believe that that's a separate bucket and a separate line of authority involving predicate cases, involving sentencing cases. We are not alleging and not arguing that this is an issue of, you know, whether or not Mr. Nguyen should have been charged in the first instance for this offense, and whether or not that prior may be used as an element of the offense as alleged to the indictment. What we are arguing is that, no, because the restoration happened before his conviction months, and even years. You mean before his sentencing? Before his, you know, two separate events, yes, 17 months before his conviction and almost two years before his sentencing, the state of California had restored his civil rights with respect to that conviction, and we believe that the court should not have used that for that purpose, and it was error and in violation of the statute as well as the controlling authority of this court in Palmer. Okay. We've taken basically all your time, but I'll give you a minute for a rebuttal anyway. Let's hear from the government. Thank you, Your Honor. Good morning. May it please the court, my name is Marisa Harris, and I represent the United States in this appeal. This court should affirm the enhanced base level offense level of 20 applies under the Palmer is inapplicable. First, the plain language of this provision instructs that if the defendant committed any part of the instant offense subsequent to sustaining a felony conviction for a controlled substance offense, that the enhanced base level base offense level applies. On December 19, 2019, when he illegally possessed the ammunition in question, Mr. Nguyen was, in fact, convicted of a controlled substance felony to wit, his 2010 conviction for possession of marijuana for sale in violation of California health and safety code section 11359. Nguyen's 2010 11359 conviction remained a felony until April 29, 2020, when it was reclassified by the state court as a misdemeanor. This was over four months after the federal offense conduct was committed and a month after his federal indictment. This reclassification had nothing to do with any alleged legal defect in his case. Thus, Section 2K2.1A4A applies by its own plain terms. Second. Can I ask you, what do we do with the fact that Padilla doesn't even talk about Palmer? Yes, Your Honor. The government believes that Padilla should be read in conjunction with United States v. Ypez, which the government does cite in its briefing. Padilla may not be a sentencing case, but its interpretation of Section 921A20 forecloses Mr. Nguyen's argument. It is a binding decision of this court specifically related to the interpretation of Section 921A20. And it says that the language in the statute applies prospectively, meaning that the firearm's disability or the expungement of the relevant conviction or the restoration of civil rights had to happen, quote, before the erstwhile felon takes possession of the firearm. And my understanding is that that timing controls in both the charging and the sentencing context. It doesn't really make sense to have a different rule for charging and sentencing in this. And I believe that if the court reads Padilla together with Ypez, that Mr. Nguyen's convicted status at the time of his federal offense conduct is a historical fact that cannot be altered by a subsequent state court order. Thus, 2K2.1A4A was properly applied in this case. Well, California decided to reduce the severity of the sentence, right? Yes, Your Honor. Yes, Your Honor. And while that is an important, vulnerable initiative, this court's other decisions interpreting Proposition 64 and Proposition 47 have all indicated that that is a fact, that it doesn't change the historical fact that the conviction was, in fact, a felony at the time of the federal offense conduct. Furthermore, it— California now says it's not a felony. Yes, Your Honor. And I understand that. And, in fact, that is a fact that the court did take into consideration in the sentencing as a basis for a variance. However, the process starts with the faithful guidelines calculation, and the language of the guidelines is quite clear. It says if he was, at the time of the offense, convicted of a controlled substance felony, then apply this enhanced base level. If there are other factors that would consider—that the court should consider under the 3553A factors as mitigating, such as a reduction of a felony to a misdemeanor subsequently after the offense, the court can take that into consideration for a variance. And, in fact, that is what Judge Freeman did here. So, second, this court's—the state court's later reclassification of Mr. Nguyen's 11359 conviction does not prohibit the use of this felony to enhance the defendant's federal sentence because it was a qualifying felony at the time of the federal offense conduct. Again, as I mentioned, under this court's holdings in Padilla and Ypez, the defendant's status at the time of his federal offense controls the applicability of Section 2K2.1 A4A, and subsequent state court orders, whether or not they are non-proton, cannot retroactively change that status as a historical fact. Third, the Palmer decision that's relied upon by the defense is an opposite. As Your Honor acknowledged earlier, none of the cases cited by the defense, including support the argument that a state court can retroactively alter a defendant's conviction status on the day that he committed the offense. To the contrary, actually, all of these cases support the government's position and the court's holdings in Padilla and Ypez that a restoration of civil rights must occur before a defendant commits a federal firearms offense. I'm not sure I agree with you about Palmer, though, because Palmer—I mean, you tried to submit extra documents to show us what Palmer meant, but within its four corners, Palmer just says that there's a conflict between the statute and the interpretation of the guidelines. Well, that is one thing that I did want to respond to. Your Honor, the fact that his restoration of the felony conviction to a misdemeanor happened before the federal offense conduct is a fact that is noted by the court. It's on page 1015 and 1016, and they specifically note that the state of Washington had restored his civil rights. They say that, but it's not part of their reasoning about why there's a conflict. Yes, Your Honor. Again, you know, Palmer's holding was meant to correct a situation where the district court felt compelled to count a reclassified—an already reclassified felony conviction because he believed that Section 4A1.2 of the commentary required it. But that's not—the plain text—under the plain text of this guideline, 2K2.1A4A, this reclassified conviction in the Palmer case should not have counted because it wasn't a felony at the time of Mr. Palmer's federal offense conduct, unlike here, where it was a felony at the time of Mr. Nguyen's federal offense conduct. And again, that's just not the case. So neither the government nor the court needed to rely on the commentary under Section 4A1.2 to convert an otherwise disqualified felony into a felony that counted under the guideline section here. So that's just—again, the timing here is so important. So I had understood you to be asking us originally to think that Palmer was just wrong, but now it sounds like you're saying Palmer is right. Well, Your Honor, to the extent that the court finds that Palmer does apply, we believe it should be read narrowly. And in light of its salient fact, which is that the restoration of the felony conviction happened before the federal offense conduct, and that's why it's just not applicable to this case. We did cite in our briefing some additional conflicting opinions from other circuit courts in their treatment of Palmer's holding that Section 921A20 applies as a restriction on the guidelines. Whether or not the court wishes to consider that is for you to decide. Counsel, just—neither side actually made any or had any discussion of the fact that the guidelines changed—the relevant guideline changed in 2001. It was rewritten to deal specifically with timing. Palmer was decided under the old version, and the other cases have been decided under the new version. What effect, if any, does that have in the government's view? Your Honor, the language of the relevant guideline provision says now, if the defendant committed any part of the instant offense subsequent to sustaining a felony conviction from control— And it used to say if the person has a conviction at the time. Yes. So it is different. Yes. My understanding of that change is that it would support the government's position here. It went from whether or not the person has a felony to whether or not they committed the instant offense while convicted of a felony. And I think the insertion of that language—committed any part of the instant offense—sets a deadline, if you will, as the Padilla case indicates should apply, that the person has to remove a firearms disability before they actually possess the illegal firearm in question. So I would think that that change supports the government's position here. So getting back to the question about how to deal with Palmer, Palmer actually can be consistent with Padilla's interpretation of 921-820, as long as it's read narrowly in light of the fact that Palmer's conviction, the felony conviction, was set aside long before his federal offense conduct. And that reading of Palmer actually has several benefits. It ensures that there's a consistent application of Section 921-820 in both charging and sentencing contexts. And it makes Palmer consistent with EPES and all of the other circuit authority on Prop 64 and Prop 47 in the sentencing context, including the Supreme Court's decision in McNeil. And it also makes Palmer consistent with general sentencing principles, including the strong interest in finality of judgments and prevention of perpetual relitigation of sentencing based on post hoc actions by the defendant or the state court. As I said before, there are ways, if the district court wishes, that it can take into consideration the reduction of the felony in terms of a commentary on the seriousness of the defendant's prior conduct. However, in this particular case, it's the government's view that Palmer just doesn't apply because of the timing and that Section 2K2.1A4A was properly applied by the district court. So if there are no other questions, we would ask that you affirm. Thank you. Thank you. We'll give a minute for rebuttal. Thank you, Honor. The government seems to want to conflate several different issues, predicate cases as well as sentencing cases. Padilla, as we submit, is a predicate case. Padilla addresses and notes it does not undermine Mr. Nguyen's position in that Padilla noted Specifically, because the record is clear that Padilla's state felony conviction was not invalidated until after his federal conviction, the federal conviction stands. That is noted at 1091. Here, Mr. Nguyen's conviction was actually, his civil rights were restored before he was convicted and before he was sentenced. It is important to note this exception clause, this exemption clause, applies to four different events. Expungement, set aside, pardon, or whether or not the individual defendant's civil rights were restored. What the government seeks to do is add a third limitation, a fifth limitation on that, that those events must occur prior to the defendant's commission of the offense. That is not found in the statutory language at all in the statute. The statute just simply says, has had. At the time of Mr. Nguyen's sentencing, those events had happened. So, it is our position that the government is completely wrong about this and the court should not have relied on that prior conviction consistent with Palmer. To the court's earlier question about the change in the language, we do not believe that that similarly had the same effect. It counted the conviction where the statute said, do not count the conviction. That was the same effect as in Palmer as well as in this case. And for those reasons, we submit that the court should remand this case for resentencing because the court committed procedural error. There's an additional issue I wanted to address, which is as to the predicate cases. We have Caron, Carr, and Herron. All of those cases are all predicate cases. Those cases are not, they are not cases that we believe were helpful to the court to resolve this particular issue, which was the issue they were grappling with in Padilla, not Padilla, in the Palmer case, which was how this prior conviction, which has been subsequently either set aside or has triggered the exemption clause, should be considered for purposes of calculating this individual sentence, where Congress has said, don't, and the guidelines say, do. And that is exactly the conflict that was present in Mr. Nguyen's case and the conflict that was present in Palmer's case. What the Palmer court did... I think I need to cut you off because we're way over your time. Sorry. I think we have your argument. Thank you, both sides, for the helpful arguments. This case is submitted.
judges: GRABER, PAEZ, FRIEDLAND